ORIGINAL

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | 19-8327 MJ |
| | ) | Case No. |
| VORHEESE ZANDERS | ) | 1:18MJ-45 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 17, 2017 & March 8, 2018  in the county of  Allen  in the Northern District of  Indiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841, and 21 U.S.C..§ 856 | possession with intent to distribute a controlled substance, including 40 grams or more of fentanyl, and maintaining a drug involved premise. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

ATF TFO Caleb J. Anderson
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  03/16/2018

s/Paul R Cherry
_____
*Judge's signature*

City and state:  Fort Wayne, Indiana

Paul R. Cherry, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Comes now your Affiant, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Task Force Officer (TFO) Caleb Anderson currently assigned to the ATF Fort Wayne Field Office, first being duly sworn, now deposes and says:

I am an ATF Task Force Officer (TFO) and have been working for the ATF for 23 months. Prior to being assigned as an ATF TFO, I have been a State Trooper since July 2007, working in the Northern District of Indiana. I am currently assigned to the ATF's Fort Wayne, Indiana, Field Office. My duties include that of enforcing the federal firearms laws under Title 18, United States Code, and enforcing state criminal laws. I am a graduate of the Indiana State Police Academy, and because of my training and experience as a State Trooper and an ATF TFO, I am familiar with federal criminal laws, federal firearms laws, and state criminal laws. I have attended various interdiction schools and training that focused on drug trafficking indicators, behavior, hidden compartments, and interview techniques. I have attended a multi-day indoor marijuana grow training and a one-week undercover drug investigation school. During my experience with ATF and the Indiana State Police, I have been involved in many investigations involving armed drug trafficking, felons in possession of firearms, controlled buys of illegal firearms, controlled buys of narcotics, and criminal gang cases.

This Affidavit is being submitted for the limited purpose of securing an arrest warrant for Vorheese ZANDERS (hereinafter "ZANDERS"). Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant for ZANDERS, your Affiant has not included each and every fact known concerning this investigation. Your Affiant has set forth only the facts that are necessary to establish probable cause.

A criminal history check of ZANDERS reveals felony convictions in Michigan for: Carrying A Concealed Weapon, sentenced on 08/31/2012 in 3rd Circuit Court Criminal Division Detroit, court docket number 1200845701 and Delivery/Manufacture Marijuana, sentenced on 09/25/2014 in 3rd Circuit Court Criminal Division Detroit, court docket number 1400635401.

Based on my investigation, your Affiant has probable cause to believe that on or about October 17, 2017 and March 8, 2018, ZANDERS violated 21 U.S.C. §841 – Possession with Intent to Distribute 40 Grams or More of Fentanyl, and 21 U.S.C 856, Maintaining A Drug Involved Premise.

The statements in this Affidavit are either known to me personally, based on my personal involvement in this investigation, information provided verbally to me by other law enforcement personnel, information received by a review of court documents, records from the Indiana Department of Corrections, records maintained by the National Crime Information Center (NCIC), as well as my training experience, and the training and experience of other law enforcement officers.

On October 17, 2017, Fort Wayne Police Department (FWPD) observed a black Chevy Impala fail to signal a turn at St. Joseph Blvd. and Lafort Street. FWPD located the Impala in an alley behind ZANDERS' residence, as identified below. FWPD made contact with the driver, later identified as ZANDERS, who was standing outside the vehicle along with a passenger. ZANDERS was wearing a hooded sweatshirt. ZANDERS began backing away from officers and putting his hands in his front pocket, where officers observed a bulge. During a pat down search of ZANDERS, officers located a plastic baggie containing a soft powdery material on ZANDERS' person. This substance field-tested positive for fentanyl, with an approximate bag weight of 143 grams. The Indiana State Police laboratory later confirmed this substance to contain fentanyl. In your Affiant's opinion, this quantity is clearly indicative of an intent to distribute. From my training and experience, a user of fentanyl would have about 1 gram for personal use, which has a

street value of approximately $250. 143 grams of fentanyl would have an approximate street value of over $35,000.

On March 8, 2018, officers with ATF and other police agencies served a federal search warrant at ZANDERS' residence (**"TARGET RESIDENCE"**) in Fort Wayne, in the Northern District of Indiana. Your Affiant knows that this particular residence is the residence of ZANDERS because of certain items found within the residence during the execution of the search warrant.

During the search of the residence, investigators located evidence of drug dealing. In the living room closet on the top of a shelf, investigators found a knotted plastic bag that contained a white powder residue. This item field-tested positive for fentanyl, a Scheduled II Controlled Substance, with a bag weight of approximately 27 grams. This fentanyl was hidden inside an empty iPhone box. A handwritten drug ledger was found in the closet that had prices and amounts listed as well as the word "girl" $50 and pills - $150. Based on training and experience, your Affiant knows that the term "girl" is drug slang for cocaine. Handwritten numbers were also on the paper which your Affiant believes through training and experience reflect narcotic purchases, sales, and amounts owed. An empty handgun holster was found on the top shelf of the closet. On the floor of the closet a digital scale was located that had white powder residue on it. On the closet floor, investigators located a sealed plastic wrapper that contained 20 green circle pills marked

E on one side and 20 on the other side, this is "Opana" a Schedule II Controlled Substance. A pill bottle with the name "D. C." (full name redacted) was located on the floor and contained 2 circle pills marked RP on one side and 10 325 on the other side, this is acetaminophen and oxycodone a Schedule II Controlled Substance. An additional pill bottle with no label was found on the closet floor that contained 42 orange oblong pills marked GG 257, this is Alprazolam a Scheduled IV Controlled Substance. A digital scale with white residue was also located on the floor of the closet, as well as a leather handgun holster.

Investigators located in the living room under the TV on the TV stand a zip lock bag that contained a substance, recognized by investigators to be marijuana, with a bag weight of approximately 21 grams. Near the marijuana, investigators located an empty box to a Smith & Wesson, pistol, model bodyguard, .380 cal. Behind the entertainment center, a digital scale with white residue was located. Another digital scale with white residue was located behind the TV.

Investigators located in the master bedroom inside the nightstand multiple documents, bills, and receipts with ZANDERS' name and **TARGET ADDRESS**, including court paperwork and traffic tickets with ZANDERS' name. In the master bedroom, investigators also found two loaded high capacity .223 caliber rifle magazines. One magazine was loaded with 30

rounds of .223 caliber ammunition and the other magazine was loaded with 29 rounds of .223 caliber ammunition. Neither of the magazines/ammunition were secured inside a safe. Due to ZANDERS' previous felony convictions, under federal law, he is prohibited from possessing firearms, firearm magazines and ammunition.

Based on your Affiant's training and experience, the large amount of narcotics located at **TARGET RESIDENCE** and based upon the scales and apparent drug ledger, your Affiant believes that the quantities of narcotics were intended for distribution and not personal use. Your Affiant notes that fentanyl is listed in 21 U.S.C. § 841 as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide.

Also based on your Affiant's training and experience, your Affiant knows that drug traffickers commonly carry and possess firearms in order to protect their drug stashes, drug money, and drug dealing location. Drug dealers are often robbed or burglarized by their customers and by others who learn about valuable drug and money stashes at their residences, and rather than notify police, drug dealers commonly arm themselves in order to protect their drug operations. Drug dealers therefore often possess firearms in close proximity to their drug and money stashes as a means of protection.

Based upon the foregoing, your Affiant has probable cause to believe that on or about October 17, 2017 through March 8, 2018, ZANDERS violated

21 U.S.C. § 841 - Possession with Intent to Distribute 40 Grams or More of Fentanyl, and 21 U.S.C § 856 - Maintaining A Drug Involved Premise.

The foregoing facts are true to the best of your Affiant's knowledge and belief.

Further, your Affiant sayeth naught.

ATF TFO Caleb J. Anderson

Subscribed and sworn to before me, this 16th day of March, 2018.

s/Paul R Cherry

Honorable Paul R. Cherry
Magistrate Judge
United States District Court